# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 2, 2020

Lyle W. Cayce
Clerk

No. 20-50149
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARIO PACHECO-ZUNIGA, *also known as* MARIO PACHECO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CR-274-1

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

Mario Pacheco-Zuniga appeals his 28-month, below-guidelines range sentence for illegal entry following removal. *See* 8 U.S.C. § 1326(a), (b)(2). He contends that his being sentenced pursuant to § 1326(b)(2) based on a prior aggravated felony conviction, which increased the statutory maximum

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

sentence for his illegal reentry offense to 20 years of imprisonment and three years of supervised release, is unconstitutional because the fact of his prior conviction was neither alleged in the indictment, nor found by a jury beyond a reasonable doubt, nor admitted by him following a proper admonishment. Pacheco-Zuniga concedes that the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issue for possible Supreme Court review because, in his appreciation, there is reason to believe the Court may revisit *Almendarez-Torres*. The Government moves for summary affirmance, urging that Pacheco-Zuniga's argument is foreclosed or, alternatively, for an extension of time in which to file a merits brief.

The parties are correct that Pacheco-Zuniga's argument is clearly foreclosed by *Almendarez-Torres*. *See United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007); *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *see generally Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the Government's motion for summary affirmance is GRANTED. The Government's alternative motion for an extension of time is DENIED AS MOOT. The judgment is AFFIRMED.